Stanley Schelich *vs.* The Mayor and Council of Wilmington, a corporation existing under the laws of the State of Delaware.

*Municipal Corporations—Care of Streets—Defects in Streets—*
*Notice—Cause of Defects—Negligence—Burden of Proof—*
*Evidence—Preponderance—Measure of*
*Damages to Property.*

1.    The Mayor and Council of Wilmington, by its duly authorized agents, has control of the streets of the city of Wilmington, and it must use reasonable care, proportionate to the danger liable to ensue from its omission to do so, to keep its streets safe for persons driving or walking thereon.

2.    If a traveler, in the exercise of reasonable care, does not see or know that a street is in a dangerous condition, he may assume that the corporation has done its duty to keep the street in a reasonably safe condition.

3.    If a defect in a street was not caused by an authorized agent of the corporation, it is not liable for injuries resulting therefrom, unless it had actual notice thereof, or by the exercise of reasonable care should have known of it, but if the defect was caused by an agent of the corporation no notice whatever is required.

4.    If the agents of the corporation had notice of the condition of a street with respect to drainage before a ditch was dug, which was subsequently filled, by the agents of the corporation, the jury may take such condition into consideration in determining whether the ditch was negligently filled and packed.

5.    If the defect in a street, where an accident occurred, was caused by an extraordinary rainfall which could not reasonably have been foreseen, the corporation is not liable for injuries resulting therefrom, because the damage in such event, it is said, resulted from an act of God, and not from the negligence of the corporation.

6.    Negligence is never presumed; the burden of proving it rests upon the plaintiff.

7.    In a civil action, the verdict should be for that party in whose favor is the preponderance of evidence.

8.    In an action to recover for injuries to property, alleged to have been caused by negligence, the measure of damages is such a sum as will compensate the plaintiff for the injury or destruction of his property, including such reasonable sum as he may have expended incident to the accident, as shown by the evidence.

(*November* 9, 1909.)

Judges CONRAD and HASTINGS sitting.

*David J. Reinhardt* for plaintiff.

*John W. Brady*, City Solicitor, for defendant.

Superior Court, New Castle County, November Term, 1909.

ACTION ON THE CASE (No. 132, SeptemberTerm, 1907), to recover damages for injuries to horses and other personal property of the plaintiff.

HASTINGS, J., charging the jury:

Gentlemen of the jury:—This is an action by the plaintiff, Stanley Schelich, against the defendant, The Mayor and Council of Wilmington, a municipal corporation of this State, to recover damages for the loss and injury to certain property, alleged to have been occasioned by the negligence of the defendant.

It is conceded that Claymont Street, where the accident occurred, was at that time a public Street of the City of Wilmington, and it appears from the evidence that while the plaintiff in the early morning, and before daylight, of August 24th, 1909, was driving along said public street near Peach Street, in a delivery wagon drawn by two horses, that the said horses and wagon fell or sank into a trench or ditch, and that the property of the plaintiff was injured thereby.

The plaintiff contends that the trench or ditch was caused to be excavated by one of the agents of the defendant, to-wit, The Board of Water Commissioners of the City of Wilmington, and that the defendant was negligent in filling said trench or ditch with earth, mud and ashes and leaving said materials loose and not properly rammed or packed so that when the same was covered with surface or drainage water the street became unsafe and dangerous, and would not support horses and wagons traveling thereon.

The plaintiff contends further that the defendant permitted the said street to remain in an unsafe and dangerous condition without proper warning or safeguards to notify travelers of the existence of said trench or ditch.

The defendant contends, on the other hand, that the trench or ditch was properly filled and that the improper condition of the street on the morning of August twenty-fourth, was caused by an unusually heavy rainfall that began at five o'clock in the afternoon of August twenty-third.

The corporation defendant by its agents had control of all of the streets of the City of Wilmington, and was bound to exercise due and reasonable care and diligence to keep the same in such condition as to be safe for persons driving or walking along the same. The care and diligence required of the defendant is reasonable care and diligence, proportioned to the danger or mischief liable to ensue from such omission, and if the traveler, exercising due care, does not see or know that the street is in a dangerous condition, he has a right to assume that the defendant has done its duty and that the street is in a safe and passable condition for travel.

Where the obstruction in the street was not caused by one of the agents of the defendant, such as The Board of Water Commissioners of Wilmington, it cannot be held liable unless the plaintiff shows that it had actual notice, or by the exercise of reasonable care and caution should have had notice, but if it is shown that the obstruction complained of was caused by one of the defendant's own agents, no notice whatever is required.

The contention here is whether the trench or ditch was properly and not carelessly filled by the agents of the defendant. This is for your consideration, and in coming to your conclusion you are to determine whether the defendant corporation did its work in a careful and prudent manner.

In so determining, if you are satisfied that the defendant corporation had notice of the condition of the street with respect to drainage before the trench or ditch was dug, you should take

such condition into consideration, and you should also bear in mind its duty to the public, as we have just stated it to you.

If the bad condition of the street where the accident occurred was caused by an extraordinary rainfall, which the defendant by the use of reasonable care and caution could not forsee, then the plaintiff cannot recover because the damage in that event resulted from an Act of God and not from the negligence of the defendant.

Negligence is not presumed and the burden of proving it is upon the plaintiff.

The verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

If your verdict should be for the plaintiff, it should be for such sum as will compensate him for the injury or destruction of his property, including therein such reasonable sum as he may have expended incident to such accident, as the same may appear from the evidence.

Verdict for plaintiff for $336.08.